UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY WILSON, et al., | ) | Case No. 1:00 CV 2873 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| NMTC, Inc., dba Matco Tools, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiffs' Application to Vacate Arbitration Award (ECF #21). Defendant has opposed the motion and has moved to confirm the arbitration award. (ECF #24). For the reasons that follow, Plaintiffs' Application to Vacate the Arbitration Award is denied and Defendant's Motion to Confirm the Award is granted.

**PROCEDURAL BACKGROUND**

Plaintiffs filed this action asserting a number of claims relating to distributorship agreements between Defendant Matco and Plaintiffs. Judge Matia granted Defendant's Motion to Compel Arbitration on April 18, 2001 (ECF #16). The proceedings were "perpetually stayed" and the case was closed subject to reopening upon written motion. *Id.* After the arbitration was complete, Plaintiffs filed the instant Motion to Vacate Arbitration Award on January 16, 2004. The Defendant filed a motion re-open the case and reassign it to another judge upon the retirement of Judge Matia. (ECF

#26). The case was reassigned to this Court and Defendant's Motion to re-open the case was granted. (ECF #28). The parties have fully briefed Plaintiffs' Motion to Vacate as well as Defendant's Motion to Confirm the Award.

## STANDARD OF REVIEW

A federal court may set aside an arbitration award only where certain statutory or judicially created grounds are present. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418 (6th Cir. 1995). In addition to the limited statutory grounds which are not at issue in this case, a separate judicially created basis for vacation obtains where the arbitration award was made "in manifest disregard of the law." *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). The Sixth Circuit has emphasized that manifest disregard of the law is a very narrow standard of review. *See Anaconda Co. v. District Lodge No. 27,* 693 F.2d 35 (6th Cir.1982); *Dawahare v. Spencer*, 210 F.3d 666, 670 (6th Cir. 2000)("Since Supreme Court dictum established the manifest disregard of the law standard forty-seven years ago,... only two federal courts of appeals have used it to vacate arbitration decisions.) A mere error in interpretation or application of the law is insufficient. *Anaconda,* 693 F.2d at 37-38. Rather, the decision must fly in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle. *See Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 70 F.3d at 421. Review for manifest disregard of the law does not open the door to extensive review of arbitral awards. *See id.* Indeed, Arbitrators are not required to explain their decisions. If they choose not to do so, it is all but impossible to determine whether they acted with manifest disregard for the law. *Id.*

## DISCUSSION

Plaintiffs seek vacation of the arbitration award as it relates to the Arbitrator's ruling that Matco was exempt from the disclosure requirements pertaining to business opportunities of Chapter 1334 of the Ohio Revised Code in that Matco was a "large seller" as defined in Ohio Rev. Code § 1334.12(L). Plaintiffs claim that the undisputed evidence was that NMTC, Inc. was incorporated in 1993 when it acquired its predecessor's assets and continued the predecessor's business. The Plaintiffs entered into their franchise transactions in 1996. Thus, Plaintiffs claim the Arbitrator acted in "manifest disregard" of the law when he held that Defendant had been in business for five years before 1996 because the exemption stated in Ohio Rev. Code § 1334.12(L) does not include successors in interest.[1]

Defendant counters that the Arbitrator correctly found that Matco was exempt from Chapter 1334 by the large seller exemption in § 1334.12(L). A "large seller" is defined as follows:

> (L) A seller who has both of the following:
>
> (1) (a) a net worth on a consolidated basis, according to its most recent audited financial statement, of not less than $5 million;
>
> * * *
>
> (2) had at least twenty-five purchasers conducting business at all times during the five-year period immediately preceding the sale or lease of the business opportunity plan....

Ohio Rev. Code § 1334.12(L). The Arbitrator reviewed the evidence submitted by the parties regarding Defendant's net worth and the number of distributors it had in the last five years. The Arbitrator noted that Defendant underwent a restructuring during the previous five-year period but continued to do business as it had done in the past so the five-year requirement was met. The evidence

---

[1] Plaintiffs do not challenge any other part of the Arbitration award.

submitted by Defendant demonstrated that Matco Tools Corporation ("MTC") began offering distributorships in 1979 and in 1993 set up a wholly-owned subsidiary named NMTC, Inc. dba Matco Tools which handled the mobile tool business from that date forward. The 1993 restructuring was not a sale of the business to a different owner, but rather, was merely a change in structure. The business continued as it was, managed by the same officers, directors and management. MTC/Matco had hundreds of distributors in the years preceding Plaintiffs' sales.

While Plaintiffs assert that the statute must be read to exclude any time of operation under a different business structure when calculating the five-year period of operation, that reading is not clearly apparent from the wording of the statute. Moreover, Plaintiffs offer no case law or legislative history to support their interpretation of the statue. Indeed, the Court was unable to find any Ohio case law on point. Thus, Plaintiffs cannot show that their interpretation is so clearly defined that any other interpretation would constitute a manifest disregard of the law. The Arbitrator's interpretation of the statute and application of the facts in this case to the statute appear to be reasonable. There is no evidence that any law was ignored or that the interpretation flew in the face of clearly established precedent. Accordingly, Plaintiffs have failed to demonstrate that the Arbitrator's award constituted a manifest disregard of the law and their Motion to Vacate the Arbitrator's Award is denied.

The Ohio Supreme Court has noted that a timely application to confirm an arbitration award should be granted unless a timely motion for modification or vacation has been made and cause to modify or vacate has been shown. *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 480 N.E.2d 456 (1985); *American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668 (6th Cir. 2003)("Under the Federal Arbitration Act ...., a district court with appropriate jurisdiction must grant a motion to confirm an arbitration award unless the court instead vacates, modifies, or

corrects the award in accordance with the provisions of the Act..."). In this case Plaintiffs have failed to establish any cause to modify or vacate the Arbitrator's award. Accordingly, Defendant's cross-motion to confirm the award is granted and the award is confirmed.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Vacate Arbitration Award (ECF #21) is DENIED. Defendant's Cross Motion to Confirm the Arbitration Award (ECF #24) is GRANTED and the Award is confirmed. This action is terminated.

IT IS SO ORDERED.

      *Donald C. Nugent*
      DONALD C. NUGENT
      United States District Judge

DATED: October 13, 2005